UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PHILLIP ROBZYK,
     Plaintiff,

     v.                                  C.A. No. 008-388-ML

TOWN OF CUMBERLAND, alias, THOMAS
M. BRUCE, Treasurer of the Town of
Cumberland, alias, DENNIS HICKS, alias, in
his individual and representative capacity,
STEPHEN DUDA, alias, in his individual and
representative capacity, ANTHONY SILVA, alias, in his
individual and representative capacity, ALAN
CROWE, alias, in his individual and representative
capacity, and RALPH LIGUORI, alias, in his
individual and representative capacity,
     Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment. For the reasons set forth below, the Motion is GRANTED.

## I.  BACKGROUND

On or about August 29, 2008, Phillip Robzyk ("Plaintiff") filed a multi-count Complaint in the Providence County Superior Court. The Complaint alleges violations of 42 U.S.C. § § 1983, 1985, 1986, and 1988. Compl. ¶ 23. It also alleges state law claims of false arrest, unlawful detention, malicious prosecution, and abuse of process. Compl. ¶ ¶ 24, 25, 26. Defendants removed the matter to this Court on October 16, 2009.  With the exception of Thomas M. Bruce, all of the named Defendants were police officers employed by the town of Cumberland on August 31, 2005.

1

The factual underpinnings of the Complaint arose from the events that led to Plaintiff's arrest on August 31, 2005. On that date, Defendant Duda received a phone call from Randall Mickely ("Mickely"), Plaintiff's former partner. Mickley advised Duda and the Cumberland police that he would be removing his property from the residence previously shared by Plaintiff and Mickely ("residence"). Duda informed Mickley to call the police if he needed assistance. Plaintiff's Response, Exhibit 7 at 2.

Later that day, Defendants Hicks and Crowe responded to a 911 hang-up call from the residence. Compl. ¶ 8. Plaintiff admits that he was the party that placed the 911 call. Plaintiff's Statement of Undisputed Facts ¶ 7. When Defendants Hicks and Crowe arrived at the residence, they observed Mickley outside. Def. Statement of Undisputed Facts ¶ 2. Mickley informed Defendants that while he had been removing his property from the residence, there was a dispute between him and Plaintiff. Defendants separated Plaintiff and Mickely. Crowe took Mickley's statement outside the residence, while Hicks took Plaintiff's statement inside the residence. Plaintiff's Statement of Undisputed Facts ¶ 8.

According to Plaintiff's statement, prior to Defendants arriving at the residence, Mickley was taking property, including a camera, from the residence to his car. Plaintiff's Response, Exhibit 5. Plaintiff "picked up [a] flower pot" and told Mickley that "the items were [his]." Id. When Plaintiff removed the camera from Mickley's vehicle, Mickley "ran after [him], grabbed [him] by the neck and left arm and threw [him] down." Id.

While Plaintiff was detained in the kitchen of the residence, Hicks permitted him to call his attorney. Compl. ¶ 10. According to Plaintiff, Plaintiff "became upset" that Hicks was detaining him in the kitchen and "angrily protested to Defendant Hicks about being unlawfully

detained." Id. ¶ 13.

Defendant Duda subsequently arrived on the scene to assist Hicks and Crowe. Compl. ¶ 14. Both Plaintiff and Mickley were then arrested and charged. Id. Count I of the Complaint charged Plaintiff with Domestic Disorderly Conduct – "[t]hat on August 31, 2005, [he] did engage in fighting, threatening, and tumultuous behavior in the domicile of Randall Mickley, in violation of R.I.G.L. § 12-29-5 ["Domestic Violence"] and § 11-45-1 ["Disorderly Conduct]." Plaintiff's Response, Exhibit 8.

Under Rhode Island law, "Domestic Violence" is defined to include "disorderly conduct (§11-45-1)" when "committed by one family or household member against another." R.I. Gen. Laws § 12-29-2(a)(4). R.I. Gen. Laws § 12-29-5(a) requires that

> Every person convicted of or placed on probation for a crime involving domestic violence or whose case is filed pursuant to § 12-10-12 where the defendant pleads nolo contendere, in addition to any other sentence imposed or counseling ordered, shall be ordered by the judge to attend, at his or her own expense, a batterer's intervention program appropriate to address his or her violent behavior.

Upon reviewing the police report, Defendant Liguori, who was Hicks and Crowe's supervisor, decided to add a charge of Obstructing an Officer in Execution of Duty in violation of R.I. Gen. Laws § 11-32-1. The criminal complaint against Plaintiff was therefore amended to contain two counts – Count I alleged a violation of § 12-29-5 and § 11-45-1 and Count II alleged a violation of § 11-32-1. Count 2 charged that Plaintiff "did obstruct Officer Dennis Hicks, a uniformed member of the Cumberland Police Department, in the execution of his duty at a time when Defendant knew that Dennis Hicks was in fact a police officer." Plaintiff's Response, Exhibit 8.

On November 30, 2005, Plaintiff appeared before a Rhode Island District Court Judge

3

with the same counsel that represents him in this suit.  He entered into a plea agreement where Count I (violation of § 12-29-5 and § 11-45-1) was dismissed and the charge in Count II was amended from Obstructing an Officer (§ 11-32-1) to Disorderly Conduct (§ 11-45-1). Plaintiff entered a plea of *nolo contendere* to Disorderly Conduct in violation of R.I. Gen. Laws § 11-45-1.

At argument on Defendants' Motion for Summary Judgment, the Court requested that the parties supplement their motion papers with the transcript of the plea proceedings.  The plea transcript of the November 30, 2005 proceeding reveals that the presiding Judge asked Plaintiff – "You understand that your plea is an admission to this Court that you were a disorderly person?" to which Defendant responded, "Yes." Plaintiff's Supp., Exhibit A at 4 ln. 10-12.  The court then asked for a reading of the facts to support the charge. The following colloquy took place:

| | |
|---|---|
| The Court: | Have the facts, please? |
| Voice: | Yes, your Honor.  On August 31, the police responded to this defendant's home for a reported 911 call of a domestic.  During the police interaction with Mr. Robzyk, the police observed him - - |
| The Court: | He became disorderly. |
| Voice: | He became disorderly. |

Id. at 4, ln. 14-22.  The court then asked for a description of the disorderly conduct to be read.

| | |
|---|---|
| The Court: | You need a description, sure, I'll have him read the description, sure go ahead. |
| Mr. Deluca: | Your honor, we'd rather waive that. |
| The Court: | Well, I want you to discuss it with your client and let him say that. |
| Mr. Deluca: | He'll waive it. |
| Defendant: | Yes. |
| The Court: | Anything you want to say before I impose a sentence, Sir? |
| Defendant: | I'll say, I'll say it later, some other time. |
| The Court: | Anything you want to say? |
| Mr. DeLuca: | Nothing your honor. |

Id. at 5, ln. 3-17.

4

## II.  STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A "genuine issue" is one that "could be resolved in favor of either party," and a "material fact" is one that "has the potential of affecting the outcome of the case." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The moving party bears the burden of showing the Court that no genuine issue of material fact exists. National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). Once the moving party has made the requisite showing, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In making this determination, the Court draws all reasonable inferences in the light most favorable to the nonmoving party. Continental Casualty Co. v. Canadian Universal Insurance Co., 924 F.2d 370, 373 (1st Cir. 1991).  Summary judgment will be denied if "there is enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1985)).

### III. ANALYSIS

In the Complaint, Plaintiff alleges that Defendants violated 42 U.S.C. § § 1983, 1985, 1986, and 1988.  Plaintiff also alleges state law claims of false arrest, unlawful detention, malicious prosecution, and abuse of process.  Compl. ¶ ¶ 23, 24, 25, 26.  Defendants have moved for Summary Judgment on all Counts.

A.     42 U.S.C. § 1983, False Arrest, and False Imprisonment Claims

Plaintiff alleges that Defendants violated his federal Fourth amendment right to be free of unreasonable seizure and state laws protecting against false arrest and imprisonment, by unlawfully detaining and arresting him on August 31, 2005.  To survive Defendants' Motion for Summary Judgment, Plaintiff must demonstrate that Hicks, Crowe, and Duda lacked probable cause to arrest him.  Valente v. Wallace, 332 F.3d 30, 32 (1st Cir. 2003).

To establish that his warrantless arrest was without probable cause, Plaintiff must show that Defendants lacked evidence that would "'warrant a man of reasonable caution' in believing that a crime has been committed and committed by the person to be arrested."  Valente, 332 F.3d at 32 (quoting Beck v. Ohio, 379 U.S. 89, 96 (1964)).  Similarly, to prevail on the state law claims of false arrest and false imprisonment, Plaintiff must show that the detention was "without legal justification."  Dyson v. City of Pawtucket, 670 A.2d 233, 239 (R.I. 1996).  The threshold question, therefore, is whether the Cumberland police had probable cause to arrest Plaintiff on August 31, 2005. This probable cause determination is dispositive of both the Plaintiff's § 1983 constitutional claim and the state law claims of false arrest and imprisonment.

Defendants argue that Plaintiff's *nolo contendere* plea to Disorderly Conduct is conclusive on the question of whether there was probable cause because when a plaintiff pleads *nolo*

6

*contendere*, he "concedes the factual basis for the charge[s] against him or her without admitting ultimate guilt." Def. Mem. in Support of Motion for Summary Judgment, at 6 (quoting State v. Fontaine, 559 A.2d 622, 625 (R.I. 1989)). Defendants argue that Plaintiff's *nolo contendere* plea precludes him from now arguing that Defendants lacked probable cause, because probable cause was a necessary factual underpinning of the offense to which he plead. Id.

Plaintiff plead *nolo contendere* in Rhode Island state court. The Court therefore looks to the laws of Rhode Island to determine what effect to give his plea. See Allen v. McCurry, 449 U.S. 90, 101 (1980) (holding that federal courts must give state court judgments the same effect in § 1983 actions that they would be given under state law). In "'Rhode Island, a *nolo* plea is equivalent to a plea of guilty.'" State v. Seamans, 935 A.2d 618, 623 (R.I. 2007)(quoting State v. Feng, 421 A.2d 1258, 1266 (R.I. 1980)). Both "guilty pleas and pleas of *nolo contendere* constitute criminal convictions." Id. [1]

Plaintiff argues that his claims are not barred because he did not plead *nolo contendere* to domestic violence against Mickley and he did not admit that the police had probable cause to arrest him. Plaintiff further contends that his plea of *nolo contendere* to Disorderly Conduct was only an admission to disorderly conduct after the officers arrived at his residence and should therefore have no bearing on his challenge to his detention and arrest.

A closer examination at the plea colloquy reveals otherwise. During the introductory recitation of the facts, the transcript reads –

      Voice:        Yes, your Honor.  On August 31, the police responded to this

---

[1] Under Rhode Island law, a plea of *nolo contendere* is not admissible in a subsequent civil suit "on the same matter as an admission of guilt..." Korsak v. Prudential Property & Casualty Ins. Co., 441 A.2d 832, 834 (R.I. 1982). In this case, however, the *nolo* plea has bearing on the probable cause determination.

|  | defendant's home for a reported 911 call of a domestic. During the police interaction with Mr. Robzyk, the police observed him - - |
| --- | --- |
| The Court: | He became disorderly. |
| Voice: | He became disorderly. |

Plaintiff's Supp., Exhibit A at 4 ln. 14-22.   Attorney DeLuca, on behalf of his client, then

attempted to waive the recitation of the facts, stating "your honor, we'd rather waive that." Id. at

5 ln. 6-7. The Judge probed further and Plaintiff himself waived the recitation of facts.   The

Judge then expressly asked Plaintiff whether he had anything he wanted to say before the sentence

was imposed.  Plaintiff responded – "I'll say, I'll say it later, some other time." Id. at 5 ln. 14-15.

The Judge again asked, "Anything you want to say?" to which Plaintiff responded, "Nothing your

honor." Id. at 5, ln. 17.

Plaintiff is now attempting to "say it later."  He argues that discrete segments of his

behavior were not subject to his plea of *nolo contendere*.  The transcript of the plea hearing,

however, reveals that Plaintiff admitted that "he became disorderly." Id. at 4 ln. 20.  Plaintiff was

given ample opportunity to dispute any of the underlying facts of his plea.  Not only did he not

dispute any of the facts, but he waived his right to a recitation of the facts, thereby waiving his

right to challenge that he "became disorderly."  Moreover, in the Complaint, Plaintiff admits that

he "became upset" when Defendant Hicks detained him in the kitchen and "angrily protested to

Defendant Hicks about being unlawfully detained."  Compl. ¶ 13.

As a matter of law, the Court finds that Plaintiff admitted that the police had probable

cause to arrest him for disorderly conduct on August 31, 2005.  Defendants are therefore entitled

to summary judgment on Plaintiff's §1983 claim and the claims of false arrest and

imprisonment.[2]

B.      Malicious Prosecution and Abuse of Process Claims

        The Complaint contains vague claims of malicious prosecution and abuse of process.  To

establish a claim of malicious prosecution under Rhode Island law, Plaintiff must prove that "(1)

defendants initiated a prior criminal proceeding against him, (2) they did not have probable cause

to initiate such a proceeding, (3) the proceeding was instituted maliciously, and (4) it terminated

in [plaintiff's] favor."  Hill v. R.I. State Empl. Ret. Bd., 935 A.2d 608, 613 (R.I. 2007).  As

discussed above, Plaintiff is barred from asserting that the police lacked probable cause to arrest

him based on his *nolo contendere* plea to Disorderly Conduct.  Consequently, Plaintiff's

malicious prosecution claim must be dismissed.

        To establish a claim of abuse of process under Rhode Island law, Plaintiff must show that

"the legal proceeding, 'although set in motion in proper form, [became] perverted to accomplish

an ulterior or a wrongful purpose for which it was not designed.'"  Beaudoin v. Levesque, 697

A.2d 1065, 1068 (R.I. 1997) (quoting Hillside Associates v. Stravato, 642 A.2d 664, 667 (R.I.

1994)).  To establish a claim of abuse of process, "conclusory allegations," without more, do not

establish the requisite wrongful purpose.  Id.

        The Complaint and motion papers are deplete of factual allegations that Defendants had an

ulterior or wrongful purpose for Plaintiff's arrest.  Plaintiff has therefore failed to allege any

---

[2] Summary judgment can also be granted under the doctrine of judicial estoppel.  See Muskat v. United States, 554 F.3d 183, 196 (1st Cir. 2009) (holding that a litigant may not bring a claim that is directly inconsistent with the position taken by same litigant and adopted by a court in prior legal proceeding); Thore v. Howe, 466 F.3d 173, 182 (1st Cir. 2006) (applying doctrine of judicial estoppel to plea bargains).  Here, the Court had already determined that Plaintiff admitted in open court that the prosecution had sufficient facts to establish Disorderly Conduct, and thus, that the police had probable cause to detain and arrest him.  Plaintiff's claims of false arrest and false imprisonment are directly inconsistent with this admission and are therefore barred by the doctrine of judicial estoppel.

genuine issues of material fact as to an improper purpose for his arrest. Accordingly, Plaintiff's malicious prosecution claim must also be dismissed.

C.    42 U.S.C. § § 1985, 1986, and 1988 Claims

The Complaint alleges that Defendants' conduct violated 42 U.S.C. § § 1985, 1986, and 1988. 42 U.S.C. §1988 provides that "prevailing parties" in a 42 U.S.C. § 1983 claim may be awarded attorneys fees. Since the Court has granted Defendants' Motion for Summary Judgment on Plaintiff's §1983 claim, he has no viable claim under §1988.

42 U.S.C. § 1985 provides a civil action for conspiracy to interfere with civil rights and 42 U.S.C. § 1986 provides a civil action for neglect to prevent conspiracy. Plaintiff makes no showing that there are genuine issues of material fact as to these claims. Moreover, the Complaint and motion papers do not provide any factual basis for the allegations. There is no evidence that the Defendants conspired together, nor is there support for the allegation that any individual Defendant neglected to prevent a conspiracy. Defendants are therefore entitled to summary judgment on these claims as well.

D.    Qualified Immunity

Defendants raise the defense of qualified immunity, however the Court need not decide the issue because Plaintiff's claims are dismissed on substantive grounds.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has failed to present any genuine issues of material fact and that Defendants are entitled to summary judgment as a matter

of law on all counts.  Defendants' Motion for Summary Judgment is, therefore, GRANTED.  The

clerk is directed to enter judgment in favor of Defendants.


SO ORDERED.

*Mary M. Lisi*

Mary M. Lisi

Chief United States District Judge

January 20, 2010